952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul Antonio RUBALCABA, Defendant-Appellant.
 No. 89-10375.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1991.*
Submission Vacated and Deferred June 6, 1991.
Resubmitted Jan. 8, 1992.
Decided Jan. 15, 1992.
 
 Before TANG, SKOPIL and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raul Rubalcaba appeals his conviction for possession with intent to distribute between 100 and 1000 kilograms of marijuana. Rubalcaba challenges the sufficiency of the evidence, and claims the district court erred in failing to instruct the jury on a lesser-included offense. Rubalcaba also argues that an aiding and abetting instruction erroneously shifted the burden of proof. We affirm.
 
 
 3
 * Evidence is sufficient to support a conviction if, in viewing the evidence in the light most favorable to the government, a jury reasonably could have found the essential elements of the crime beyond a reasonable doubt. United States v. Laykin, 886 F.2d 1534, 1539 (9th Cir.1989), cert. denied, 110 S.Ct. 2586 (1990). In reviewing the sufficiency of the evidence, all reasonable inferences must be drawn in favor of the government and any conflicts in the evidence must be resolved in favor of the jury's decision. Id.
 
 
 4
 The jury in this case was instructed on aiding and abetting.
 
 
 5
 The elements necessary to convict an individual under an aiding and abetting theory are (1) that the accused had the specific intent to facilitate the commission of a crime by another, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying substantive offense, and (4) that someone committed the underlying substantive offense.
 
 
 6
 United States v. Gaskins, 849 F.2d 454, 459 (9th Cir.1988).
 
 
 7
 The underlying substantive offense in this case was possession with intent to distribute between 100 and 1000 kilograms of marijuana. 21 U.S.C. § 841(a), (b)(1)(B)(vii). The elements of this offense are that an individual (1) knowingly, (2) possessed, (3) between 100 and 1000 kilograms of marijuana, (4) with an intent to distribute it. See United States v. Ocampo, 937 F.2d 485, 488 (9th Cir.1991).[1] Possession of a large quantity of drugs alone may be sufficient to infer both knowledge and intent. Id.
 
 
 8
 A. Specific Intent to Facilitate Another's Crime
 
 
 9
 Rubalcaba testified that his partner, "Miguel," asked Rubalcaba if he wanted to go with Miguel to pick up marijuana. Rubalcaba's decision to accompany Miguel evidences Rubalcaba's specific intent to facilitate Miguel's possession of marijuana with intent to distribute.
 
 B. Requisite Intent of the Underlying Crime
 
 10
 Rubalcaba also testified that he knew that he and Miguel were going to pick up 200 pounds of marijuana. This establishes Rubalcaba's knowledge both as to the nature of the substance involved and the likelihood of its distribution.[2]
 
 
 11
 C. Assistance or Participation in the Underlying Crime
 
 
 12
 In response to the prosecutor's question whether Rubalcaba helped Miguel, Rubalcaba answered, "Yeah, I was holding the flashlight, yeah." More specifically, Rubalcaba described how Miguel "had the flashlight, and he dragged [the bales of marijuana] out ... [and how, after he dragged them out, he would give [Rubalcaba] the flashlight, and then [Miguel] would tell [Rubalcaba] to light the way when [Miguel] picked [the bales] up." Rubalcaba thus aided Miguel's possession with intent to distribute.
 
 D. Commission of the Crime
 
 13
 Rubalcaba does not deny that Miguel possessed the entire amount involved--476 pounds--with the intent to distribute. Although Rubalcaba argues that he himself possessed less than 100 kilograms because he never approached the stash, Rubalcaba admitted that Miguel did approach the stash and extract bales of marijuana. Miguel did so knowingly, as indicated by his request for Rubalcaba's help in picking up the marijuana. And he did so with the intent to distribute, as the large quantity evidences.
 
 E. Conclusion
 
 14
 Under a theory of aiding and abetting, the evidence was sufficient to convict Rubalcaba of possession of between 100 and 1000 kilograms with intent to distribute.
 
 II
 
 15
 The jury in this case was specifically instructed that, in order to convict Rubalcaba, it must find beyond a reasonable doubt that the amount of marijuana in question exceeded 100 kilograms, though it need not find--as an element of the crime--that Rubalcaba knew the amount. Under such circumstances, a defendant may be entitled to an instruction on a lesser-included offense involving a smaller quantity of drugs if a sufficient factual basis exists for the smaller quantity. United States v. Walker, 915 F.2d 480, 486 (9th Cir.1990). However, a district court will not be found to have abused its discretion in denying such an instruction if the defendant aided and abetted another in relation to the larger quantity. Id. at 486-87.
 
 
 16
 Because there was sufficient evidence under an aiding and abetting theory to support Rubalcaba's conviction on the larger quantity of drugs, the district court did not abuse its discretion in declining to instruct the jury on the lesser-included offense. See id.
 
 III
 
 17
 Rubalcaba also contends that the aiding and abetting instruction erroneously "allowed the jury to presume intent rather than requiring the government to prove every element of the case." We disagree. The instruction clearly stated that the government must prove beyond a reasonable doubt that the defendant intended to help commit the crime as charged.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties have assumed, at least until supplemental briefing was requested on appeal, that drug quantity is an element of the offense. We find no reason to disturb that assumption in this case
 
 
 [2]
 It is unnecessary for the government to establish that either Rubalcaba or Miguel knew the amount of drugs actually involved. See United States v. Klein, 860 F.2d 1489, 1494-95 (9th Cir.1988). Therefore, Rubalcaba's claim that he only knew about a quantity of marijuana weighing less than 100 kilograms is irrelevant with regard to the quantity element. While amount, and knowledge thereof, is relevant as circumstantial evidence showing intent to distribute, even the amount of marijuana to which Rubalcaba admits knowledge is sufficient to prove Rubalcaba's intent to distribute or his awareness that Miguel would distribute